56 CCPA

## Application of Oliver C. ECKEL.
### Patent Appeal No. 8025.

United States Court of Customs and Patent Appeals.

Nov. 27, 1968.

hered to on reconsideration, affirming the final rejection of claim 5 of appellant's application entitled "Acoustical Assembly." [1] No claims have been allowed.

Harold E. Cole, Boston, Mass., for appellant.

Joseph Schimmel, Washington, D. C., (Jere W. Sears, Washington, D. C., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND, and BALDWIN, Judges.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals, ad-

Appellant's invention is an assembly which has two acoustical panels, which are structural members used to form a wall, ceiling, floor or the like of test cells or similar rooms, held together by connectors between them. The connectors are held in place by fastening means without welding the latter or extending beyond the assembly. The panels are without exterior support.

The invention can be readily understood by reading claim 5 in conjunction with Fig. 1 of appellant's application. The assembly is shown thus:

*Fig.1.*

Claim 5 reads:

5. An assembly comprising two acoustical members and two connectors between them, each said acoustical member embodying two enclosure members each having a face portion which latter are spaced from and opposite each other, a side portion extending angularly from said face portion towards each other, and a flange portion extending angularly outward from said side portion and which are positioned in a pair alongside of each other in position of use, each said connector embodying two legs and an integral bridge portion between and connecting said two legs, said legs of one said connector extending towards and being oppositely disposed and spaced from said legs of the other said connector, and each said pair of flange portions being between and in contact with two oppositely disposed said legs in assembled position, a first said connector bridge portion having a hole therethrough, a second said connector having a unitary crossbar integral with, extending between, and spaced from the opposite ends of, said second connector legs and having a hole therethrough, and a pin member extending into said first connector hole to and into said crossbar hole and thereby connecting said two connectors.

1. Serial No. 146,892 filed October 23, 1961.

The references are:

| | | |
|---|---|---|
| Eckel | 2,889,017 | June 2, 1959 |
| Kivett et al. (Kivett) | 2,962,133 | November 29, 1960 |

---

Eckel discloses acoustical panels held at their side edges against a backing wall by a U-shaped connector as seen in the following drawing from the patent:

Fig. 1.

---

Kivett discloses draw clamp connectors joining together double wall construction units in end-to-end relationship. The connectors are shown in Fig. 9 of Kivett, reproduced here:

Fig. 9.

---

The walls are shown in outline, but the specification reveals that each consists of two panels. The panel receiving means 88 (called extrusions) provide horizontal slots which receive horizontal portions of the walls which terminate inside the slots.

The pair of extrusions 88 are joined by connecting strips 96 which are held in placed by bifurcated clamps. Clips 104 and takeup means 106 are employed to join extrusion 88.

The examiner rejected the claim as being unpatentable over Fig. 9 of Kivett in view of Eckel under 35 U.S.C. § 103. The examiner considered that the substitution of Eckel's type of hollow panel units for those shown in Kivett would be obvious and would give rise to the structure defined in the claim.

The board, in affirming this rejection, pointed out that:

\* \* \* the rejection could just as well have been stated as being on Eckel in view of Kivett et al. Eckel discloses fastening panels to a wall surface. Kivett et al. make it apparent that panels can be edge connected by, in [substance], duplicating the connector 28 of Eckel, applying it to the opposite sides of the panel flanges and having the bolt either screw into the second connector (see Figure 9 of Kivett et

al.) or be secured thereto by a nut * * *.

In denying appellant's request for reconsideration, the board added:

* * * appellant apparently reads into the claims limitations that we cannot find and has requested that we be specific as to aspects of disclosure not claimed.

We made this comment relative to the form of panel shown in Kivett et al. These panels are made of two side walls 16 joined with a pair of extrusions 88 by what appears to be a frictional telescopic joint, the extrusions 88 in turn being joined by strips 96 by what appear to be telescopic frictional joints. These are, in part, the complexities that appellant complains are present in Kivett et al.

The claims presented are not restricted to how these several parts are joined together in the instant application. The claims are so broad as to embrace this more complex structure, by not being restricted to having the side wall or sheet 15 unitary or integral with the flange 22 which is unitary or integral with flange 24, as seen in the upper side of Figure 1 and corresponding structure for the opposite side of the panel.

In view of the lack of restriction to these disclosed features, we pointed out that it was unnecessary to consider the same since they are not recited.

We agree with the board that the claimed invention is obvious in view of the cited references. Kivett fairly teaches the concept of connecting free-standing wall units with opposed bolt-drawn clamps, while preserving a flush appearance for both faces of the joint. It then becomes apparent that the panels can be edge connected by, in substance, duplicating the connector 28 of Eckel, applying it to the opposite sides of the panel flanges and having the bolt screw into the second connector.

Appellant argues, however, that his invention is not only different but also much simpler than what the prior art teaches. He contends that the Kivett structure requires eight parts to make up the connectors (excluding the pin), whereas appellant's connector structure has only two parts, namely, the two connectors. This simplicity, it is alleged, results in the omission of elements without loss of effectiveness and is evidence of unobviousness.

We cannot accept this argument in this instance. As pointed out by the solicitor, there is no thought of substituting the particular hardware illustrated by Kivett. Moreover, we are in agreement with the board that "the number of parts of which the panels and their end members are formed and the number of parts of which the connector members are formed are not in the claim" and, as emphasized in the decision on reconsideration, the claim is so broad as to embrace this more complex structure.

Appellant calls our attention to his affidavit, in the record, directed to usefulness and commercial success. We have considered the affidavit in light of the record, but are not convinced that the Patent Office failed to accord to it the weight to which it is entitled.

The decision, therefore, is affirmed.

Affirmed.

SMITH, J., participated in the hearing of this case but died before a decision was reached.